IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| J.C. & G.D. INVESTMENT COMPANY, INC.,<br>    Plaintiff, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL NO.   1:17-cv-638 |
| HARTFORD FIRE INSURANCE COMPANY,<br>    Defendant. | §<br>§<br>§<br>§ | |

## DEFENDANT, HARTFORD FIRE INSURANCE COMPANY'S
## <u>NOTICE OF REMOVAL</u>

Defendant, Hartford Fire Insurance Company ("Hartford"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and as grounds for removal respectfully shows:

1.      On May 12, 2017, Plaintiff filed Plaintiff's Original Petition for Declaratory Judgment and Request for Disclosure ("Petition"), and initiated an action identifying as Defendant, Hartford Fire Insurance Company, in the 120th District Court of El Paso County, Texas, Texas, bearing Cause No. 2017DCV1624 ("the State Court Action").[1] Against Hartford, Plaintiff attempts to assert a cause of action for declaratory relief in connection with its premature request for appraisal on Plaintiff's claims for policy benefits under its Hartford insurance policy for alleged November 2016 storm losses. A jury was not demanded in the State Court Action.

---

[1] A true and correct copy of Plaintiff's Original Plaintiff's Original Petition for Declaratory Judgment and Request for Disclosure, and proof of service are attached hereto as Exhibit A and incorporated here by reference.

2.      On May 31, 2017, Hartford was served with a copy of the Citation and Plaintiff's Petition.[2]  Hartford filed its Plea to the Jurisdiction, Plea in Abatement, Special Exceptions, and Original Answer in the State Court Action on June 26, 2017.[3]

3.      This Notice of Removal is filed within the 30-day statutory time period for removal.[4]

4.      This is a civil action in which the amount in controversy, exclusive of interest and costs, exceeds $75,000.  This fact is not facially apparent from Plaintiff's Petition.  Because the relief requested is declaratory in nature and the monetary amount sought in Plaintiff's Petition is limited to its claim for attorney's fees.  In Plaintiff's Original Petition for Declaratory Judgment, Plaintiff represents, "Plaintiff seeks less than $75,000 in total recovery."[5]  This pleading, however, was made based upon a misunderstanding of the law and/or was not made in good faith.  This exact issue in a declaratory judgment action on a hail claim involving a request to compel appraisal, has recently been addressed in the McAllen Division of the U.S. District Court for the Southern District of Texas.[6]  In that case, the plaintiff asserted that a declaratory judgment action, standing alone, contributes no value to the amount in controversy calculation.  The court disagreed, citing *St. Paul Reinsurance Co., Ltd. v. Greenberg* for the proposition that the value of a Texas-based, insurance-coverage declaratory judgment action is "the value of the right to be protected or the extent of the injury to be prevented."[7]  To determine the value of the right to be protected, the court considered the policy limits declaration and

---

[2] *See* Exhibit A.
[3] A true and correct copy of Defendant's Plea to the Jurisdiction, Plea in Abatement, Special Exceptions, and Original Answer is attached hereto as Exhibit B and incorporated here by reference.
[4] 28 U.S.C. § 1446(b).
[5] *See* Exhibit A, at paragraph 18.
[6] *Friedrichs v. Geovera Specialty Ins. Co.*, 20-13 WL 674021 (S.D.Tex. 2013).
[7] *Id., citing St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); and *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

the claimant's pre-suit demand and estimate. Where it is not facially apparent the claims exceed $75,000, "the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy."[8]  If a defendant shows by a preponderance of the evidence that the plaintiff's claim exceeds $75,000, "the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint," or removal will be upheld.[9]

5.      In connection with the appraisal demand made the basis of its claims in this lawsuit, Plaintiff submitted three separate March 23, 2017 estimates from Protech Roofing Systems, LLC, for repairs of claimed damage to the "Properties" identified and described in Plaintiff's Petition.[10]  The respective estimates for repair of the damage made the basis of Plaintiff's appraisal demand total $1,831,500, calculated as follows:

| | |
|---|---|
| 8001 N. Mesa: | $143,900[11] |
| 8041 N. Mesa: | $390,500[12] |
| 1430 Vanderbilt: | $598,300 (BUR) $165,900 (R-Panel)[13] |
| 11180 Rojas: | $532,900[14] |

8 See Birk v. Hub Intern. Southwest Agency, Ltd., 2008 WL 4372694 (W.D.Tex. 2008) (not designated for publication), citing St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).
9 De Aguilar v. Boeing, Co., 47 F.3d 1404, 1411 (5th Cir. 1995).
10 See Exhibit A, paragraphs 5-6, 9-10.
11 A true and correct copy of the Protech Roofing Systems March 23, 2017 estimate provided in connection with Plaintiff's appraisal demand on 8001 and 8041 North Mesa is attached as Exhibit C and incorporated here by reference.
12 Exhibit C.
13 A true and correct copy of the Protech Roofing Systems March 23, 2017 estimate provided in connection with Plaintiff's appraisal demand on 1430 Vanderbilt is attached as Exhibit D and incorporated here by reference.
14 A true and correct copy of the Protech Roofing Systems March 23, 2017 estimate provided in connection with Plaintiff's appraisal demand on 11180 Rojas is attached as Exhibit E and incorporated here by reference.

3

Notably, each of the estimates excluded from its scope, "Electrical, mechanical, plumbing, interior work, and bond," suggesting the cost to repair the claimed damage would exceed the amounts estimated for roof replacement.[15]  Moreover, in determining the amount in controversy, the Court may also consider policy limits.[16]  The insurance policy on which the respective claims and appraisal demands were made has the following limits of insurance on the building coverage for the premises in question:

| | |
|---|---|
| 8001 N. Mesa: | $1,534,000 |
| 8041 N. Mesa: | $3,687,600 |
| 1430 Vanderbilt: | $8,712,500 |
| 11180 Rojas: | $2,625,500[17] |

On the claims alleged by Plaintiff, based upon the estimates made the basis of Plaintiff's appraisal demand, as well as the respective policy limits in question, the "value of the object of the litigation" (i.e. the amount in controversy, exclusive of interest and costs) exceeds $75,000.

6.      Plaintiff, J.C. & G.D. Investment Company, Inc. is a Texas corporation with its principal office and place of business in El Paso, Texas, and as such, for purposes of determining diversity jurisdiction, Plaintiff is a citizen of Texas.

7.      Defendant, Hartford Fire Insurance Company, is a Connecticut corporation with its principal place of business in Hartford, Connecticut.  Hartford is not a Texas citizen.

8.      Since Plaintiff is a Texas citizen and Defendant is a Connecticut corporation with its principal place of business in Connecticut, complete diversity of citizenship exists

---

[15] Exhibits C, D, and E.

[16] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d at 1253.

[17] A true and correct copy of the policy declarations for the Hartford Special Multi-Flex Business Insurance Policy issued to Plaintiff is attached as Exhibit F and incorporated here by reference.

among the parties.  Because the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction under 28 U.S.C. § 1132, and this removal action is proper.

9.      Pursuant to 28 U.S.C. § 1446(a), Hartford files with this notice of Removal the following exhibits identified as on the attached Appendix of Exhibits, including all documents filed in the State Court Action:

**Exhibit A:**   Plaintiff's Original Plaintiff's Original Petition for Declaratory Judgment and Request for Disclosure, Citation, and proof of service

**Exhibit B:**   Defendant's Plea to the Jurisdiction, Plea in Abatement, Special Exceptions, and Original Answer

**Exhibit C:**   Protech Roofing Systems March 23, 2017 estimate on 8001 and 8041 North Mesa

**Exhibit D:**   Protech Roofing Systems March 23, 2017 estimate on 1430 Vanderbilt

**Exhibit E:**   Protech Roofing Systems March 23, 2017 estimate on 11180 Rojas

**Exhibit F:**   Policy declarations for Plaintiff's Hartford Special Multi-Flex Business Insurance Policy

**Exhibit G:**   Civil Docket Sheet (Case Summary) from State Court Action.[18]

10.     Pursuant to 28 U.S.C. § 1446(d), Hartford has filed a copy of this Notice of Removal with the clerk of the state court in which the action has been pending, and has given notice thereof to all parties and all counsel of record.

11.     On these grounds, Hartford Fire Insurance Company hereby removes the referenced State Court Action to this Court on the 29th day of June, 2017.

---

[18] Exhibits A, B, and G are the only documents in the court's file in State Court Action.

Respectfully submitted,

By: _____
Jeffrey E. Farrell
State Bar No. 00787453
Federal Bar No. 16842
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
900 S. Capital of Texas Hwy., Suite 425
Austin, Texas  78746
Telephone:  (512) 610-4400
Facsimile:  (512) 610-4401
farrell@mdjwlaw.com

ATTORNEY-IN-CHARGE FOR DEFENDANT,
HARTFORD FIRE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of foregoing document has been served *via* certified mail, return receipt requested, on this the 29th day of June, 2017 upon:

Thomas W. Hamrick
5665 Arapaho, Bld 1123
Dallas, Texas 75248

*Via Certified Mail RRR*

John P. Mobbs
7170 Westwind Dr., Ste. 201
El Paso, Texas 79912

*Via Certified Mail RRR*

_____
Jeffrey E. Farrell

6